UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID ZINKIE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO.:1:19-cv-00375 |
| STAUD CYCLES ) | |
| ) | **JURY TRIAL REQUESTED** |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, David Zinkie, by and through his attorney, Trevor J. Crossen of CROSSEN LAW FIRM LLC, and file this *Complaint* against Defendant, Staud Cycles, and respectfully shows this Court as follows:

### I. Nature of the Case

1. This lawsuit seeks monetary damages for injuries sustained by David Zinkie while he was operating a motorcycle he obtained from Staud Cycles roughly a month prior to the date of the accident and as a direct result of Defendant's negligence.

### II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction of the questions presented under diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy is facially apparent to be more likely than not exceeding minimum jurisdiction amount of $75,000. Complete diversity of citizenship exists between Plaintiff, David Zinkie, a citizen of the State of Indiana, and Defendant, Staud Cycles, a citizen of Ohio.

3. At all times relevant hereto, Plaintiff, David Zinkie, is and was, a resident and Citizen of the City of Lagrange, County of Lagrange, State of Indiana. Plaintiff's state of citizenship and domicile is Indiana, which is also the state in which he intends to live for the long run.

4. At all times relevant hereto, Defendant, Staud Cycles, is and was a corporation incorporated in and having their principal place of business in the State of Ohio, and currently located at 2599 Bobmeyer Road, Fairfield, Ohio 45014. Defendant is therefore a resident of the City of Fairfield, County of Butler, State of Ohio, pursuant to 28 U.S.C. § 1332(c)(1).

5. The Court has personal jurisdiction over the Defendants, as Staud Cycles conducted business within Indiana, and specifically, this Court's District.

6. Venue is proper in this Court and Division, pursuant to 28 U.S.C. § 1391, because it is a civil action on diversity of citizenship involving matters, events, transactions, and occurrences, a substantial portion of which are relevant to Plaintiff's claims, took place within the geographical boundaries of the Northern District of Indiana.

### III. <u>Parties</u>

7. At all times relevant hereto, Plaintiff, David Zinkie, is and was, a resident and Citizen of the City of Lagrange, County of Lagrange, State of Indiana. Plaintiff's state of citizenship and domicile is Indiana, which is also the state in which he intends to live for the long run.

8. At all times relevant hereto, Defendant, Staud Cycles, is and was a corporation incorporated in and having their principal place of business in the State of Ohio, and currently located at 2599 Bobmeyer Road, Fairfield, Ohio 45014. Defendant is therefore

a resident of the City of Fairfield, County of Butler, State of Ohio, pursuant to 28 U.S.C. § 1332(c)(1).

## IV. Facts

9. Plaintiff hereby repeat and allege paragraphs one (1) through eight (8) and incorporate the same as if fully set forth herein.

10. At all times mentioned herein, near the City of Lagrange, County of Lagrange, State of Indiana, there was a public thoroughfare commonly known as SR 120, which generally runs in an easterly and westerly direction and intersects with a public thoroughfare commonly known as 290 W RD.

11. On or about June 15, 2019, Plaintiff, David Zinkie, purchased a custom 1969 Triumph TR6R motorcycle from Defendant, Staud Cycles.

12. On or about July 2, 2019, Plaintiff, David Zinkie, was driving said motorcycle westbound on SR 120.

13. At said time and place, east of the intersection of SR 120 and 290 W, the rear fender of Plaintiff's vehicle broke loose, enabling the fender to be pulled under the rear tire, causing Plaintiff to lose control of the vehicle.

14. At said time and place, Plaintiff was ejected from the vehicle, incapacitated, and requiring immediate attention.

## V. Claims

### Count I: Strict Liability

15. Plaintiff restates and incorporates paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. Prior to July 2, 2019, Defendant, Staud Cycles, designed, assembled, manufactured, marketed, advertised, promoted assembly, sold, and/or distributed the motorcycle.

17. On July 2, 2019, Plaintiff, David Zinkie, was injured when the motorcycle caused Plaintiff serious bodily injury. At said time and place, the motorcycle was being used in a reasonably foreseeable manner by Plaintiff.

18. Defendant, Staud Cycles, should be held strictly liable as the designer, assembler, and/or manufacturer of the motorcycle, which was in a defective condition and/or design and unreasonably dangerous to expected users such as Plaintiff.

19. The injuries to the Plaintiff, David Zinkie, are a direct and proximate result of these actions and omissions on the part of Defendant, Staud Cycles.

20. A reasonable alternative safe design could have been practically adopted at the time of sale and/or distribution of the motorcycle.

21. Plaintiff's injuries and damages were caused by the defective design of the motorcycle and are within the scope of Defendant, Staud Cycles', liability and said injuries and damages arose from the same general type of danger that said Defendant should have avoided through safe and proper design and/or manufacture of the subject motorcycle.

22. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

    A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

    B. Physical pain and mental suffering both past and future;

4

C. Lost wages of the time of trial;

D. Permanent Impairment of his power and ability to earn income; and

E. Loss of function past and future.

## Count II: Breach of Warranty

23. Plaintiff restates and incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Prior to July 2, 2019, Defendant, Staud Cycles, designed, manufactured marketed and/or distributed the motorcycle.

25. On July 2, 2019, Plaintiff, David Zinkie, was injured when the motorcycle caused Plaintiff serious bodily injury. At said time and place, the motorcycle was being used in a reasonably foreseeable manner by Plaintiff.

26. Defendant, Staud Cycles, as the designer, assembler, distributor, seller and/or manufacturer of the motorcycle, as well as through its marketing of the motorcycle, made implied and expressed warranties that the motorcycle was reasonably fit for the general uses and purposes intended and that it was free from any defects in its design or construction.

27. The injuries to the Plaintiff, David Zinkie, are a direct and proximate result of these actions and omissions on the part of Defendant, Staud Cycles.

28. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

B. Physical pain and mental suffering both past and future;

  C. Lost wages of the time of trial;

  D. Permanent Impairment of his power and ability to earn income; and

  E. Loss of function past and future.

### Count III: Negligence

29. Plaintiff restates and incorporates paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30. Prior to July 2, 2019, Defendant, Staud Cycles, designed, manufactured marketed and/or distributed the motorcycle.

31. On July 2, 2019, Plaintiff, David Zinkie, was injured when the motorcycle caused Plaintiff serious bodily injury. At said time and place, the motorcycle was being used in a reasonably foreseeable manner by Plaintiff.

32. Defendant, Staud Cycles, negligently designed, assembled, marketed, distributed, and/or manufactured the motorcycle in such a manner that it created an unreasonable risk of physical harm and injury.

33. This negligence included, but was not limited to, improper and dangerous design, testing, and inspection.

34. Moreover, Defendant, Staud Cycles, unreasonably failed to warn of the known and foreseeable hazards of the motorcycle, both before and after the sale of the motorcycle.

35. The injuries to the Plaintiff, David Zinkie, are a direct and proximate result of these actions and omissions on the part of Defendant, Staud Cycles.

36. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

B. Physical pain and mental suffering both past and future;

C. Lost wages of the time of trial;

D. Permanent Impairment of his power and ability to earn income; and

E. Loss of function past and future.

**Count IV: Gross Negligence/ Punitive Damages**

37. Plaintiff restates and incorporates paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Prior to July 2, 2019, Defendant, Staud Cycles, designed, manufactured marketed and/or distributed the motorcycle.

39. On July 2, 2019, Plaintiff, David Zinkie, was injured when the motorcycle caused Plaintiff serious bodily injury. At said time and place, the motorcycle was being used in a reasonably foreseeable manner by Plaintiff.

40. Upon information and belief, Defendant, Staud Cycles, acted with gross negligence and in a willful and wanton manner, without regard to the safety of others.

##. Defendant, Staud Cycles, rushed, failed to use due diligence, and furthermore produced a diminished quality of product to the extent that a person of ordinary skill in the trade would have reasonably foreseen a defect, malfunction, or improper use that would reasonably lead to injury.

##. Defendant, Staud Cycles, had actual knowledge of a independent defect of quality in that specific product that was likely to lead to serious injury and yet failed to properly inspect the remainder of the motorcycle.

7

41. The aforesaid conduct was a substantial factor in causing the injuries to Plaintiff, David Zinkie.

42. The injuries to the Plaintiff, David Zinkie, are a direct and proximate result of these actions and omissions on the part of Defendant, Staud Cycles.

43. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover punitive damages.

**Count V: Consumer Fraud**

44. Plaintiff restates and incorporates paragraphs one (1) through forty-four (44) as if fully set forth herein.

45. Prior to July 2, 2019, Defendant, Staud Cycles, designed, manufactured marketed and/or distributed the motorcycle designed and/or manufactured by it.

46. Prior to July 2, 2019, Defendant, Staud Cycles, engaged in deception, fraud, false promise and/or omission of a material fact with the intent that others rely on the information and or induce them into obtaining title and/or interest of their product, more specifically, the motorcycle.

47. Through its aforesaid efforts, Defendant, Staud Cycles, represented that the motorcycle would protect a rider from injury, that the motorcycle had been sufficiently tested and reviewed for safety, that the motorcycle was safe for standard use, that the motorcycle would endure proper wear, that the motorcycle had certain expertise and other professional endorsement(s) behind its design and safety, and that the motorcycle would not cause exacerbate injury to the rider during its operation.

48. Plaintiff reasonably relied on one or more of these representations by Defendant, Staud Cycles, in choosing to obtain and ride the motorcycle.

49. On July 2, 2019, Plaintiff, David Zinkie, was injured when the motorcycle caused Plaintiff serious bodily injury. At said time and place, the motorcycle was being used in a reasonably foreseeable manner by Plaintiff.

50. The injuries to the Plaintiff, David Zinkie, are a direct and proximate result of the aforesaid false, misleading, and/or deceptive practices on the part of Defendant, Staud Cycles.

28. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover his actual damages, reasonable attorney's fees, and punitive damages. Plaintiff's actual damages include, but are not limited to:

  A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

  B. Physical pain and mental suffering both past and future;

  C. Lost wages of the time of trial;

  D. Permanent Impairment of his power and ability to earn income;

  E. Inconvenience;

  F. Loss of function past and future; and

  G. Attorney fees and the costs of this action.

WHEREFORE, Plaintiff, David Zinkie, prays for entry of judgment against Defendant, Staud Cycles, awarding Plaintiff compensatory and punitive damages, attorney's fees, costs, interest, expenses, and all such further relief to which he may appear to be entitled based upon the evidence, in excess of Seventy-Five Thousand Dollars ($75,000).

Plaintiff demands trial by jury.

Respectfully Submitted,

/s/ Trevor J. Crossen
Trevor J. Crossen
CROSSEN LAW FIRM LLC
4661 Lisborn Drive
Carmel, IN 46033
TC: (317) 939-6800
FC: (317) 939-6801
Trevor@crossenlawfirm.com
*Attorney for Plaintiff*